# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PEARLEAN WARREN, | |
| Plaintiff, | |
| | CIVIL ACTION NO. 3:09-CV-946 |
| v. | |
| LUZERNE COUNTY, LUZERNE COUNTY CORRECTIONAL FACILITY, GENE FISCHI, GREGORY SKREPENAK, MARYANNE C. PETRILLA, STEVEN A. URBAN, WISTER YUHAS, and ROBERT PAYNE | (JUDGE CAPUTO) |
| Defendants, | |

## MEMORANDUM

Presently before the Court is Defendants' Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 22.) Defendants request that portions of Plaintiff's Second Amended Complaint (Doc. 21) be dismissed for failure to state a claim upon which relief may be granted. For the reasons discussed below, Defendants' motion will be granted in part and denied in part. This Court has jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331 (federal question), and over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 (supplemental).

## BACKGROUND

**I.     Factual Background**

The facts alleged in Plaintiff's Second Amended Complaint (Doc. 21) are as follows:

Plaintiff Pearlean Warren is an African American woman born on December 12, 1953. (Amend. Compl. ¶¶ 5, 14, Doc. 21.) Plaintiff was employed as a Correctional Officer at

Luzerne County Correctional Facility for approximate seventeen (17) years. (Amend. Compl. ¶ 15.) Plaintiff was the only African American Correctional Officer at Luzerne County Correctional Facility. (*Id.* ¶ 29.)

Defendant Luzerne County is a duly organized municipality of the Commonwealth of Pennsylvania. (*Id.* ¶ 6.) Defendant Luzerne County Correctional Facility ("LCCF") is an agency of Luzerne County. (*Id.* ¶ 7.) Defendant Gene Fischi ("Fischi") was at all relevant times employed as the Warden of LCCF. (*Id.* ¶ 8.) Defendants Gregory Skrepenak, Maryanne Petrilla ("Petrilla"), Steven Urban, Wister Yuhas, Robert Payne (*Id.* ¶¶ 9-13) were at all relevant times members of the Prison Board and Luzerne County Commissioners (hereinafter collectively as the "Board Members"). The Commissioners and Fischi approved the LCCF drug testing policy allowing non-medical personnel to collect urine samples. (*Id.* ¶ 39.) LCCF's drug test policy was based upon the "Mandatory Guidelines for Federal Work Place Drug Testing Programs." (*Id.* ¶ 20.)

On or about March 7, 2008, Plaintiff reported for duty as a Correctional Officer and was told to report for a drug test. (*Id.* ¶ 17-18.) "While the drug testing was to be done randomly, the Plaintiff was selectively prosecuted because of her age, race and gender." (*Id.* ¶ 30.) Plaintiff complied and completed the drug test. (*Id.* ¶ 19.) Plaintiff's urine sample was collected by a non-prison official under the direction of Fischi. (*Id.* ¶¶ 21-22.) This drug test was procedurally flawed for numerous reasons, including that: (1) the test did not use a "split screen" process (*Id.* ¶ 19); (2) the person collecting Plaintiff's specimen was not a medical provider (*Id.* ¶ 21); (3) the collection procedures used where not identical to those used by medical providers (*Id.* ¶ 50); (4) there was no showing that the collector had

appropriate training (Amend. Compl. ¶ 51); and (5) neither the examining facility nor the type of test conducted are approved by the U.S. Department of Health.  (*Id.* ¶ 35).  Also in violation of LCCF's drug test policy, Plaintiff was told that she tested positive by Fischi, rather than by a Medical Review Officer.  (*Id.* ¶ 24.)  Plaintiff was denied an interview with a Medical Review Officer.  (*Id.* ¶ 46.)  Plaintiff requested that a split sample be tested, but this was not done.  (*Id.* ¶ 25.)

On March 13, 2008, Plaintiff was suspended without pay.  (*Id.* ¶ 32.)  White Caucasians who were suspected of drug use were suspended with pay.  (*Id.* ¶ 33.)  Plaintiff was discharged on April 28, 2008, for allegedly testing positive for cocaine.  (*Id.* ¶ 34.)  Prior to having complete results,[1] the Board Members had already determined that Plaintiff would be terminated.  (*Id.* ¶ 40.)  The Board Members failed to further investigate the results of the drug test or provide Plaintiff with a hearing before voting to terminate her employment.  (*Id.* ¶ 43.)  Defendant Petrilla stated that "she would make certain that the Plaintiff was terminated at the next Prison Board Meeting" without reading LCCF's drug policy.  *Id.* ¶ 42.)  The Defendants also "met with each and the sample collector and openly discussed the aspect of the charges and claims that were going to be made against her" in order to terminate Plaintiff.  (*Id.* ¶ 61.)  The individual defendants also "failed to provide training, education, direction or review of the [drug testing] process." (*Id.* ¶ 39.)

---

[1] On March 14, 2008, Plaintiff was given another drug screening for over nine hundred (900) drugs that would measure any previous drug use in up to the prior two (2) to three (3) weeks.  (Amend. Compl. ¶ 27.)  The results of this test were negative, except for the prescription drug Zantac.  (Amend. Compl. ¶ 27.)

3

## II. Procedural Background

Plaintiff filed a complaint in the United States District Court for the Middle District of Pennsylvania on May 19, 2009. (Doc. 1.) Plaintiff then filed an amended complaint on June 3, 2009. (Doc. 3.) On February 9, 2010, this Court issued a Memorandum and Order (Doc. 20) granting the Defendants' Motion to Dismiss (Doc. 5). In that opinion, this Court permitted Plaintiff the opportunity to file an amended complaint as to some of her claims if she could do so in good faith. (Doc. 20.) Plaintiff filed her Second Amended Complaint on March 1, 2010. (Doc. 21.) Defendants filed the present motion to dismiss on March 15, 2010. (Doc. 22.) This motion has been fully briefed by both sides and is now ripe for disposition.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"

4

*Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

**DISCUSSION**

Plaintiff alleges numerous causes of action under federal and state law. At Count I, Plaintiff alleges a cause of action against each of the individual defendants pursuant to 42 U.S.C. § 1983 for violations of her Fourth and Fourteenth Amendment rights. At Counts II and V, she alleges a cause of action pursuant to 42 U.S.C. §§ 1983 and 1985 against each of the individual defendants for conspiring to violate her constitutional rights. Plaintiff also alleges causes of action against Luzerne County and LCCF for employment discrimination as a result of her age, gender, and race under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000(e) *et seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 955(a) *et seq.*, at Counts III, IV, and VII, respectively. At Count VI, Plaintiff alleges a state law cause of action for intentional infliction of emotions distress against all defendants. Defendants argue that a number of these claims, and portions of others, should be dismissed. I will consider the sufficiency of Plaintiff's allegations as to each claim.

**I.      Section 1983 (Count I)**

Plaintiff brings several claims for violation of her Fourth and Fourteenth Amendment constitutional rights pursuant to 42 U.S.C. § 1983. Section 1983 provides redress for individuals whose constitutional rights are violated by governmental actors.[2] "To establish liability under 42 U.S.C. § 1983, a plaintiff must show that the defendants, acting under color

---

[2] 42 U.S.C. § 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ."

6

of law, violated the plaintiff's federal constitutional or statutory rights, and thereby caused the complained injury." *Elmore v. Cleary*, 399 F.3d 279, 281 (3d Cir. 2005). Defendants do not dispute that they acted under color of state law. Therefore, the sufficiency of Plaintiff's § 1983 claim hinges upon whether she has sufficiently alleged one or more violations of her constitutional rights.

A. Fourth Amendment

Plaintiff alleges that her Fourth Amendment rights were violated when she was forced to submit to a drug test. It is well settled law that requiring governmental employees to provide a urine sample for a drug-test is a search under the Fourth Amendment. *National Treasury Employees Union v. Von Raab*, 489 U.S. 656, 665 (1989). "The ensuing chemical analysis of the sample to obtain physiological data is also a search covered by the Fourth Amendment." *United States v. Sczubelek*, 402 F.3d 175, 1982 (3d Cir. 2005) (quotation and citation omitted). That being said, such a search does not require a warrant, probable cause, or individualized suspicion where the intrusion services special governmental needs beyond the normal need for law enforcement. *Von Raab*, 489 U.S. at 665. Instead, "it is necessary to balance the individual's privacy expectations against the Government's interests to determine whether it is impractical to require a warrant or some level of individualized suspicion in the particular context." *Id.* at 665-666. Plaintiff acknowledges that drug testing for employees in positions where drug-impairment could cause immediate safety risks, including prison officials who have contact with prisoners, is reasonable without individualized suspicion. *See Taylor v. O'Grady*, 888 F.2d 1189, 1199 (7th Cir. 1989) (testing appropriate for prison officials who regularly come into contact with prisoners). Plaintiff

argues that while some testing was reasonable, the failure to comply with the LCCF drug testing procedure resulted in testing that did not adequately protect her privacy interests.

In its prior opinion this Court noted that when evaluating the reasonableness of a drug-test search of governmental employees, it was appropriate to "weigh not only the government's compelling interests and the employees' substantial privacy interests, but also [to consider] the adequacy of the government's procedures to protect their employees' privacy interests." *Warren v. Luzerne County*, No. 09-cv-946, 2010 WL 521130, at *5 (M.D. Pa. Feb. 9, 2010) (quoting *Feliciano v. City of Cleveland*, No. C85-3356, 1992 WL 59128 (N.D. Ohio Mar. 10, 1992). This Court previously held that Plaintiff failed to plead a sufficient factual basis for her claim that the drug test was unreasonable by failing to follow procedures. *Id.* Plaintiff's amended complaint includes the additional factual allegations that the test was performed by non-medical personnel in a different manner than would have been performed by a medical provider (Amend. Compl. ¶ 50), that the testing method used was not approved by the United State Department of Health (*Id.* ¶ 35), that there were no regulations in place to limit whether criminal prosecution could result *Id.* ¶ 47), and that steps to ensure Plaintiff's privacy, such as examination by a Medical Review Officers, were not followed (*Id.* ¶¶ 23-24, 46). These additional allegations provide a sufficient factual basis for Plaintiff's claim that the test was unreasonable because it was conducted using procedures which did not adequately protect Plaintiff's privacy interests while fulfilling the government's needs. *See Feliciano*, 1992 WL 59128, at *11 (test was unreasonable where the procedures did not protect employees' privacy interests). Therefore, Defendants' motion to dismiss this claim will be denied.

8

B. Due Process (Fourteenth Amendment)

Plaintiff's first claim under the Fourteenth Amendment is that her procedural due process rights were violated when Defendants terminated her employment without sufficient process. A plainitiff "who seeks to establish a procedural due process claim must demonstrate that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" *Biliski v. Red Clay Consol. Sch. Dist. Bd. Of Educ.*, 574 F.3d 214, 219 (3d Cir. 2009) (quotation and citation omitted). Plaintiff's original claim was dismissed because she failed to allege a sufficient basis for either element. *Warren*, 2010 WL 521130, at *6. Defendants do not challenge whether Plaintiff's amended complaint alleges a protected property interest in her employment.[3] Instead Defendants argue that the procedures provided to Plaintiff were sufficient. Plaintiff alleges that she was terminated without a hearing and before a full examination was conducted. (Amend. Compl. ¶¶ 40, 42, 43.) While Defendants dispute whether Plaintiff was provided sufficient process, at this stage of the proceedings the Court must take as true Plaintiff's factual allegations. I find that Plaintiff sufficiently alleges that she was given insufficient process before she was deprived of her property interest. Defendants' motion to dismiss this claim will be denied.

---

[3] Plaintiff's amended complaint alleges that she was a union employee (Amend. Compl. ¶ 15) and Defendants attach a copy of a collective bargaining agreement which presumably articulates that Plaintiff could only be terminated for just cause. (Br. in Supp., Doc. 23, Ex. F.) In light of the fact that Defendants do not challenge whether Plaintiff had a protected property interest in her employment, I need not take judicial notice of this document or evaluate it further.

C. Equal Protection (Fourteenth Amendment)

Plaintiff's second claim under the Fourteenth Amendment is that she was treated differently than other similarly situated individuals in violation of her equal protection rights. "To bring a successful equal protection claim under § 1983, a plaintiff must prove the existence of purposeful discrimination, and demonstrate that he was treated differently from individuals similarly situated." *Bierley v. Grolumond*, 174 F. App'x 673, 676 (3d Cir. 2006). In its prior opinion, this Court held that Plaintiff failed to state a claim because she provided no factual allegations that she was treated differently from other similarly situated individuals. *Warren*, 2010 WL 521130, at * 6. Defendants argue that Plaintiff has still not alleged disparate treatment. I disagree. Plaintiff's amended complaint alleges that she was selectively targeted and that she was tested more frequently than Caucasian males (Amend. Compl. ¶¶ 30-31), that she was not given a "split screen" test as other officers were (*Id.* ¶¶ 19, 26), and that she was suspended without pay when other similarly situated officers who failed drug tests were suspended with pay (*Id.* ¶¶ 32-33). These factual allegations are sufficient to support Plaintiff's equal protection claims that she was treated differently from similarly situated officers.

Defendants also argue that Plaintiff fails to provide factual allegations as to how each of the individual defendants acted to violate her equal protection rights. The Third Circuit Court of Appeals described the standard for an individual defendants liability in *Rode v. Dellarciprete*, 845 F.2d 1195 (3d Cir. 1988). The court stated:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

*Id.* at 1207 (3d Cir. 1988) (citations omitted). As to Defendant Fischi, Plaintiff alleges that he directed the drug testing and was involved in the medical review process where she was treated differently than other officers. (Amend. Compl. ¶¶ 21, 24, 44-45.) These allegations provide a sufficient factual basis as to Plaintiff's equal protection claim against Fischi. As to the Board Members, Plaintiff alleges that they were responsible for adopting LCCF's drug policies (*Id.* ¶ 39) and that they voted to terminate her (*Id.* ¶ 34). Neither of these actions, however, can be said to be responsible for Plaintiff's alleged equal protection violation. As to the adoption of the LCCF policies, Plaintiff's complaint articulates at length that the policies *were not* followed during her testing. (*Id.* ¶¶ 19, 21.) And while the Board Members allegedly terminated her without sufficient procedural due process, Plaintiff never alleges that they treated her differently than similarly situated individuals. As stated above, merely being Fischi's superiors does establish liability for the Board Members unless they either directed such conduct or had actual knowledge of it and acquiesced; plaintiff alleges neither of those in her amended complaint. Therefore, I find Plaintiff's amended complaint sufficiently alleges an equal protection claim only against Fischi. Defendants' motion to dismiss this claim will be granted as to the Board Members, and denied as to Fischi.

D. Qualified Immunity

Defendants argue that the individual Defendants are entitled to qualified immunity from Plaintiff's claims. To determine if the Defendants are shielded by qualified immunity, the Court must apply the two-part test set forth in *Saucier v. Katz*, 553 U.S. 194 (2001): (1) has a constitutional right been violated; and (2) whether the right violated was clearly established. *Saucier*, 553 U.S. at 201. The Court need not examine these elements in the stated order. *Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009). Considering the second element, Defendants fail to articulate why any of the constitutional rights at issue were not

11

clearly established. The requirements of the Fourth and Fourteenth Amendments in the government employment context are well established, as illustrated by the case law discussed above. Therefore, reasonable officials could not have believed their actions, as alleged by Plaintiff, did not violate these clearly established rights. I find that the individual defendants are not entitled to qualified immunity at this time, and therefore, Defendants' motion to dismiss on grounds of qualified immunity will be denied.

**II.     Conspiracy (Counts II and V)**

Plaintiff next alleges that the Defendants conspired to violate her rights and to cause her to lose her job. "[I]t is a longstanding rule in the Third Circuit that a mere general allegation . . . or averment of conspiracy or collusion without alleging the facts which constituted such conspiracy or collusion is a conclusion of law and is insufficient to state a claim." *Deangelo v. Brady*, 185 F. App'x 173, 175 (3d Cir.2006) (quotation and alteration omitted). "To constitute a conspiracy, there must be a 'meeting of the minds.'" *Startzell v. City of Philadelphia, Pennsylvania*, 533 F.3d 183, 205 (3d Cir.2008) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 133, 158 (1970)). "In *Twombly*, the Supreme Court held that general allegations of conspiracy are not sufficient." *St. Clair v. Citizens Fin. Group*, 340 F. App'x 62, 65 (3d Cir. 2009) (citing *Twombly*, 550 U.S. at 555). This Court previously dismissed Plaintiff's conspiracy claims in part because they did not "withstand scrutiny under *Iqbal* or *Twombly*." *Warren*, 2010 WL 521130, at *7 (citations omitted). Plaintiff's amended complaint only adds the allegation that "the sample collector" was also part of the alleged conspiracy. (Amend. Compl. ¶ 61.) After this amendment, Plaintiff's only factual allegation of conspiracy is that "[t]he Defendants . . . met with each and the sample collector and openly discussed" Plaintiff's termination. This meager factual basis fails to allege that the individual Defendants even *agreed* to harm Plaintiff. Plaintiff's claim for conspiracy again

12

falls short of the pleading requirements set forth under *Iqbal* and *Twombly*. Therefore, Defendants' motion to dismiss Plaintiff's claims at Counts II and V will be granted.

## III. Employment Discrimination (Counts III, IV, and VII)

Plaintiff has also filed claims under the ADEA, Title VII, and PHRA for age, race, and gender based discrimination. Defendants raise two arguments in favor of partially dismissing these claims. First, they argue that any claims relating to gender or a hostile work environment are barred because Plaintiff failed to exhaust such claims. Plaintiff concedes this point stating that she will not bring such claims. (Br. in Opp'n 9, Doc. 34.) Therefore, to the extent Plaintiff's complaint articulates employment discrimination claims for gender discrimination or hostile work environment, the Defendants' motion is granted. Second, Defendants argue that only employers, not individuals, may be held liable under the ADEA and Title VII. Plaintiff's amended complaint, however, names only Luzerne County and LCCF as Defendants to the ADEA (Count III) and Title VII (Count IV) claims. Defendants' argument to dismiss the individual defendants from those claims is moot.

## IV. Intentional Infliction of Emotional Distress (Count VI)

Plaintiff's final claim is that the Defendants acted to intentionally inflict emotional distress upon her. "To prove a claim of intentional infliction of emotional distress, the following elements must be established: (1) the conduct must be extreme and dangerous; (2) it must be intentional or reckless; (3) it must cause emotional distress; (4) that distress must be severe." *Hoy v. Angelone*, 691 A.2d 476, 482 (Pa. 1997). Extreme and outrageous conduct is conduct which is "so outrageous in character, and so extreme in degree, as to go beyond all possibly bounds of decency, and to be regarded as atrocious, and utterly intolerable in civilized society." *Strickland v. Univ. of Scranton*, 700 A.2d 979, 987 (Pa. Super. Ct. 1997). Defendants argue that Plaintiff has failed to allege sufficient conduct which

is outrageous or extreme. "Invidious discrimination is not alone sufficient to support an intentional infliction of emotional distress claim." *Lane v. Cole*, 88 F. Supp. 2d 402, (E.D. Pa. 2000). While Plaintiff alleges sufficient facts to support a claim of intentional racial discrimination, these facts fall short of the outrageous or extreme conduct necessary to sustain an intentional infliction of emotional distress claim. *Coney v. Pepsi Cola Bottling Co.*, 1997 WI 299494, at *1 (E.D. Pa. May 29, 1997) ("highly provactive racial slurs and other discriminatory incidents do not amount to actionable outrageous conduct"); *Equal Employment Opportunity Comm'n v. Chestnut Hill Hosp.*, 874 F. Supp. 92, 96 (E.D. Pa. 1995) (racial discrimination in employment decision insufficient). Defendants' motion to dismiss Plaintiff's claim for intentional infliction of emotional distress will be granted.

**V.      Punitive Damages**

Defendants argue that punitive damages may not be awarded against municipalities or their agencies. Plaintiffs do not dispute that punitive damages may not be awarded against Luzerne County and LCCF. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). Therefore, to the extent Plaintiff's complaint requests punitive damages against Luzerne County and LCCF, Defendants' motion to dismiss will be granted.

**CONCLUSION**

For the reasons discussed above, Defendants' motion to dismiss will be granted in part and denied in part. As to Plaintiff's claims under § 1983, the motion will be denied, except as to the equal protection claims against the Board Members, because Plaintiff's amendments provide a factual basis for her claims. Plaintiff's amended complaint does not, however, provide a factual basis for her conspiracy claims, and therefore, Defendants' motion will be granted as to Counts II and V. As to Plaintiff's claims for gender discrimination

14

and hostile work environment discrimination, these claims will be dismissed by Plaintiff's consent. Defendants' motion will also be granted as to Plaintiff's claim for intentional infliction of emotion distress because Plaintiff fails to provide factual allegations of conduct by the Defendants that is outrageous or extreme. Finally, Defendants' motion will be granted as to any claims for punitive damages against Luzerne County and LCCF because punitive damages may not be awarded against those entities.

An appropriate order follows.

 July 28, 2010                                                /s/ A. Richard Caputo  
Date                                                          A. Richard Caputo
                                                                  United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PEARLEAN WARREN,

    Plaintiff,

    v.

LUZERNE COUNTY, LUZERNE COUNTY CORRECTIONAL FACILITY, GENE FISCHI, GREGORY SKREPENAK, MARYANNE C. PETRILLA, STEVEN A. URBAN, WISTER YUHAS, and ROBERT PAYNE

    Defendants,

CIVIL ACTION NO. 3:09-CV-946

(JUDGE CAPUTO)

## ORDER

**NOW**, this __28th__ day of July, 2010, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Plaintiff's Amend Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 22) is **GRANTED IN PART** and **DENIED IN PART** as follows:

(1) As to Plaintiff Pearlean Warren's claims at Count I relating to equal protection against Defendants Gregory Skrepenak, Maryanne Petrilla, Steven Urban, Wister Yuhas, and Robert Payne, the motion is **GRANTED**.

(2) As to Plaintiff's claims at Counts III and IV relating to gender discrimination and hostile work environment discrimination, the motion is **GRANTED**.

(3) As to Plaintiff's at Counts II, V, and VI, the motion is **GRANTED**.

(4) As to the remainder, the motion is **DENIED**.

                                       /s/ A. Richard Caputo
                                       A. Richard Caputo
                                       United States District Judge